**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JILL STRELZIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-05644 |
| vs. | ) ) | (Circuit Court of Cook County, Illinois, County Department – Chancery Division, Case |
| ZILLOW GROUP, INC., | ) ) | No. 2022CH09132) |
| Defendant. | ) ) ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Zillow Group, Inc. ("Zillow"), by and through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, removing this action from the Circuit Court of Cook County, Illinois County Department – Chancery Division, Case No. 2022CH09132, in which it is now pending, to the United States District Court for the Northern District of Illinois, on the grounds that there is jurisdiction in this Court pursuant to 28 U.S.C. § 1332(a). In support of this Notice of Removal, Zillow respectfully states the following:

1.     On September 15, 2022, Jill Strelzin ("Plaintiff") filed a Putative Class Action Complaint against Zillow in the Circuit Court of Cook County, Illinois County Department – Chancery Division, Case No. 2022CH09132 (the "State Court Action"). In compliance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint in the State Court Action is attached as Exhibit A.

2.     On September 15, 2022, Zillow was served with original process.

3.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action shall be promptly served upon Plaintiff and Notice of Filing with the Clerk for the Circuit Court of Cook County.  A true and correct copy of the proposed Notice of Filing of Notice of Removal is attached as Exhibit B.

## JURISDICTION

4.     This Court has original jurisdiction, and this action is properly removable, pursuant to the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. §§ 1332, 1446, and 1453.  The amount in controversy exceeds $5 million.  There are more than 100 putative class members.  The members of the putative class are citizens of the State of Illinois.  Defendant is a Washington citizen.

5.     CAFA defines a class action as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action."  *See* 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).  The Complaint falls within this definition because Plaintiff brings this action pursuant to 735 ILCS 5/2-801, individually and on behalf of a putative class.  (Compl. at ¶ 57).

6.     While Plaintiff does not make any allegations about the size of her proposed class, two complaints filed in this Court, asserting substantially similar claims likewise on behalf of an Illinois class, assert that the putative classes in those cases contain more than 100 individuals.  Attached hereto as Exhibit C is a true and correct copy of the complaint in *Ryan Margulis v. Zillow Group, Inc.*, Case 1:22-cv-04847 (N.D. Ill.) (*see* ¶ 7); attached hereto as Exhibit D is a true and correct copy of the complaint in *Mark Conlisk and Michael Dekhtyar v. Zillow Group, Inc.*, Case 1:22-cv-05082 (N.D. Ill.) (*see* ¶ 9).  Moreover, as of August 4, 2022, Zillow has 234 million

average monthly unique users. Zillow Group, Inc., Current Report (Form 8-K - Ex-99.3) (Aug. 4, 2022). And, as of July 1, 2021, Illinois had a population of 12,671,469. *See* https://www.census.gov/quickfacts/fact/table/IL (last visited October 4, 2022). It is therefore plausible that a minimum of 100 individuals, from Zillow's 234 million monthly unique users, were located in Illinois.

7.       CAFA defines diversity citizenship as "any member of a class of Plaintiffs [who] is a citizen of a State different from any Defendant." *See* 28 U.S.C. §§ 1332(d)(2)(A). This requirement is satisfied here. Plaintiff is a citizen of Illinois. *See* Compl. at ¶ 5. As further alleged in the Complaint, Zillow is both headquartered in and organized under the laws of Washington. *Id.* at ¶ 6. For diversity purposes, a corporation is deemed a citizen of the states in which it is incorporated and where it has its principal place of business, which is defined as its "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) ("A corporation's 'nerve center,' usually its main headquarters, is a single place."). Therefore, Zillow is a citizen of Washington. Because Plaintiff is a citizen of Illinois and Zillow is a citizen of Washington, there is complete diversity of citizenship among the parties, and federal diversity exists under 28 U.S.C. § 1332(a). Moreover, there has been complete diversity of citizenship at all relevant times. *See* *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986).

8.       The claims of individual class members can be aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Here, the amount in controversy exceeds $5 million.[1]

---

[1]       Zillow denies Plaintiff's substantive allegations, the appropriateness of class treatment, that Plaintiff is entitled to any of the relief she seeks in her Complaint, and does not waive any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is properly determined by accepting Plaintiff's allegations as true. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).

*See* 720 ILCS 5/14-16 (permitting recovery of actual damages and punitive damages); 815 ILCS 505/10a(c) (giving express authority to award "reasonable attorney's fees and costs" to prevailing plaintiffs for violations of Illinois' Consumer Fraud and Deceptive Business Practices Act); *Straits Fin. LLC v. Ten Sleep Cattle Co.*, 900 F.3d 359, 373 (7th Cir. 2018) ("allow[ing] fee awards for work on an ICFA claim and for work on non-Act claims when the Act claim is so inextricably intertwined with the non-Act claims that it cannot be distinguished.") (citation omitted); Ex. C at ¶ 7; Ex. D at ¶ 9.

9. Plaintiff's putative Class Action Complaint alleges three causes of action against Zillow: (i) a putative class claim for violation of Illinois' Eavesdropping Act, 720 ILCS 5/14-1 *et seq.*; (ii) a putative class claim for violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; and (iii) a putative class claim for the tort of common law invasion of privacy/intrusion upon seclusion. All three claims arise from Plaintiff's and putative class members' use of Zillow's website.

10. Plaintiff seeks to recover actual damages, punitive damages, and attorneys' fees. She also seeks an injunction, restitution, and disgorgement, as well as interest. Compl. at ¶¶ 83, 99 and Prayer for Relief, ¶¶ F-G.

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). During the three months ended June 30, 2022, Zillow generated total gross profits of $443 million. *See* Zillow Group, Inc., Quarterly Report (Form 10-Q) (Aug. 4, 2022). In light of Plaintiff's request for "disgorgement of profits unlawfully obtained," it is plausible that Plaintiff's claims could surpass $5 million.

12.     The Action does not fall within any of exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and the Plaintiffs have the burden of proving otherwise.

13.     Zillow submits this Notice of Removal without waiving any defenses to the claims Plaintiff asserts, without conceding the Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages Plaintiff seeks may be properly sought).

## CONCLUSION

**WHEREFORE**, Defendant Zillow Group, Inc, removes this civil action from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

Dated: October 14, 2022

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ David T. Cellitti*
David T. Cellitti (Bar No. 6272041)
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
T: 813-222-8180
david.cellitti@bipc.com

Samantha L. Southall (*Pro Hac Vice* forthcoming)
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700 | F: 215-665-8760
samantha.southall@bipc.com

*Counsel for Defendant Zillow Group, Inc.*

5

## CERTIFICATE OF SERVICE

I, David T. Cellitti, hereby certify that I caused a copy of the foregoing Notice of Removal

to be served by e-mail on counsel for Plaintiff on October 14, 2022:

Katrina Carroll, Esquire
Kyle Shamberg, Esquire
LYNCH CARPENTER LLP
111 W. Washington Street, Suite 1240
Chicago, IL  60602
T: 312-750-1265 | F: 773-598-5609
katrina@lcllp.com
kyle@lcllp.com

Gary Lynch, Esquire
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA  15222
T: 412-332-9243 | F: 412-231-0246
gary@lcllp.com

*Counsel for Plaintiff and the Putative Class*

*/s/ David T. Cellitti*
David T. Cellitti
*Counsel for Defendant Zillow Group, Inc.*

Dated: October 14, 2022